UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCO JAVIER ROBLES, et al., <br><br> Defendants. | Case No.: 13-CV-00660-LHK <br><br> ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |

Defendants Francisco Javier Robles and Jesucita Robles, individually and d/b/a El Azteca Restaurant ("Defendants"), move for judgment on the pleadings against Plaintiff Innovative Sports Management, Inc. ("Plaintiff"). ECF No. 20. After considering Defendants' motion, the Court finds this matter suitable for decision without oral argument. *See* Civil Local Rule 7-1(b). Accordingly, the Court hereby VACATES the hearing on this motion set for January 16, 2014. The Court further CONTINUES the Case Management Conference set for January 16, 2014, to May 14, 2014, at 2 p.m., and ORDERS the parties to file a Joint Settlement Status Report by March 7, 2014, following their February 28, 2014 mediation. For the reasons set forth below, the Court DENIES Defendants' motion for judgment on the pleadings.

## I. BACKGROUND

### A. Factual Background

Plaintiff alleges that Defendants unlawfully intercepted and intentionally exhibited programming to which Plaintiff had exclusive nationwide commercial distribution rights, in violation of federal and state law. Plaintiff, a distributor of sports and entertainment programming, alleges it obtained exclusive nationwide commercial distribution rights to broadcast World Series of Boxing (the "Program"), which telecast nationwide on February 17, 2012, from Sandy Frank Entertainment. *See* Compl. ¶ 18, ECF No. 1. Plaintiff then entered into sub-licensing agreements with various commercial entities, to which Plaintiff granted limited public exhibition rights in the Program in exchange for licensing fees. *Id*. ¶ 19. Plaintiff alleges that on February 17, 2012, Defendants displayed the Program at their commercial establishment, El Azteca Restaurant, located in Watsonville, California, without receiving a license to publicly exhibit the Program. *Id*. ¶ 21. Plaintiff alleges that Defendants' unlawful interception and exhibition of the Program was intentional, willful, and for the purpose of direct or indirect commercial advantage. *Id*. ¶¶ 21–22.

### B. Procedural History

On February 14, 2013, Plaintiff filed this action against Defendants for: (1) violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 605, *et seq.*; (2) violation of the Cable Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §§ 553, *et seq.*; (3) conversion; and (4) violation of California Business and Professions Code §§ 17200, *et seq. Id*. ¶ 1.

Plaintiff served Defendants with copies of the Summons, Complaint, and related documents on April 2, 2013. *See* ECF Nos. 5, 6. Defendants answered on April 12, 2013, and moved for judgment on the pleadings on August 26, 2013. ECF Nos. 10, 20. Plaintiff filed an opposition, ECF No. 21, and Defendants replied, ECF No. 23. Subsequently, Plaintiff moved to file a surreply on September 29, 2013. ECF No. 25.[1] On December 20, 2013, Defendants requested the Court take

---

[1] The Court DENIES Plaintiff's Motion for Leave to File a Surreply. The Court finds additional argument after the Defendants' reply to be unnecessary as Defendants did not raise new arguments that required a response in their reply brief.

2

Case No.:  13-CV-00660-LHK
ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

judicial notice of several recent court rulings in other jurisdictions on motions for judgment on the pleadings against Plaintiff. *See* ECF Nos. 36.[2]

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The legal standard for Rule 12(c) is virtually identical to the standard for a motion to dismiss under Rule 12(b)(6). *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A motion under either rule tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings pursuant to Rule 12(c) should grant leave to amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile. *Pacific West Group, Inc. v. Real Time Solutions, Inc.*, 321 F. App'x 566, 569 (9th Cir. 2008).

Finally, in evaluating a motion for judgment on the pleadings in which a party challenges subject-matter jurisdiction, the Court may look beyond the pleadings and consider extrinsic

---

[2] The Court construes Defendants' filing as a statement of recent decisions pursuant to Civil Local Rule 7-3(d)(2) and considers these rulings from other jurisdictions. The Court strikes the first four paragraphs of the declaration accompanying the statement of recent decisions as those paragraphs contain improper argument on the instant motion. *See* Civil Local Rule 7-3(d)(2) (noting that no argument is allowed in statements of recent decision).

3

Case No.: 13-CV-00660-LHK
ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

evidence. *United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010); *Maya v. Centx Corp.*, 658 F.3d 1060, 1067–68 (9th Cir. 2011) (holding that in evaluating motion to dismiss for lack of subject matter jurisdiction on the grounds that plaintiff lacks constitutional standing to sue, courts may consider evidence outside the pleadings).

### III.  DISCUSSION

Defendants argue that Plaintiff has no standing to sue in federal court, and that consequently this Court lacks subject-matter jurisdiction over the dispute. The standing inquiry requires the Court to consider "whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Warth v. Seldin*, 422 U.S. 490, 500 (1975). Constitutional standing arises from the "case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). If a plaintiff lacks standing under Article III of the U.S. Constitution, then the Court lacks subject-matter jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

In contrast, questions of statutory standing are merits determinations, not threshold standing questions. *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 907 n.4 (9th Cir. 2011) (internal quotations omitted); *Maya*, 658 F.3d at 1067 ("While lack of *statutory* standing requires dismissal for failure to state a claim, lack of *Article III* standing requires dismissal for lack of subject matter jurisdiction."). "Statutory standing, unlike constitutional standing, is not jurisdictional." *Jewel*, 673 F.3d at 907 n.4. Unlike constitutional standing, with respect to which the Court may consider extrinsic evidence, the Court's inquiry into statutory standing at the motion for judgment on the pleadings stage is limited to the pleadings. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (holding that in considering a claim on the merits, "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue").

4

Case No.: 13-CV-00660-LHK
ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Here, Defendants challenge statutory standing, not constitutional standing. Accordingly, the Court's review is confined to the pleadings. Defendants contend Plaintiff lacks standing to sue under both 47 U.S.C. § 605 and § 553. Both statutes confer statutory standing on "[a]ny person aggrieved." 47 U.S.C. § 605(e)(3)(A); 47 U.S.C. § 553(c)(1). Section 553 does not define "person aggrieved," but § 605 defines the term as including "any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming." 47 U.S.C. § 605(d)(6).

Defendants argue that Plaintiff does not qualify as an "aggrieved person" under either statute because Plaintiff did not have "exclusive" broadcast rights to the Program. *See* ECF No. 20 at 6–10. In essence, Defendant contends that the language of the license agreement between Plaintiff and Sandy Frank suggests that Sandy Frank's retention of rights renders Plaintiff's distribution rights non-exclusive. *See id.* The question of whether Plaintiff is or is not an "aggrieved person" under § 605 or § 553 is one of statutory standing, and a merits determination. As such, unlike questions of constitutional standing, the Court's review is limited to the pleadings, *Hal Roach Studios*, 896 F.2d at 1550, and the Court will not look beyond the pleadings to determine whether Plaintiff has properly alleged the elements of statutory standing.

In their motion, Defendants concede that they are relying on cases in the copyright and patent law contexts for their argument on statutory standing. However, Defendants do not cite any circuit authority for the proposition that copyright and patent case law as to standing should apply in the signal piracy context.[3] The consensus of the district courts is that an allegation that a plaintiff

---

[3] Defendants cite principally to *Righthaven LLC v. Hoehn*, 716 F.3d 1166 (9th Cir. 2013) (holding that a non-exclusive license is insufficient to confer standing in a copyright case), for their statutory standing argument. The Court need not decide at this juncture whether *Righthaven* applies. Nevertheless, the Court notes that there are substantial differences in the statutory text considered in *Righthaven* and the text of the statutes implicated in the instant case. *Compare* 17 U.S.C. § 501 ("The legal or beneficial owner of an *exclusive* right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it.") (emphasis added), *with* 47 U.S.C. § 605(d)(6) ("[T]he term 'any person aggrieved' shall include any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming . . . ."). Because it is unclear whether *Righthaven* applies in the instant context, the Court declines to follow the five identical orders of a single judge from the District Court for the Central District of California that Defendants cite in

5

Case No.: 13-CV-00660-LHK
ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

has exclusive distribution rights is sufficient at the pleading stage to support a finding that the plaintiff is a "person aggrieved" with statutory standing to bring § 605 and § 553 causes of action. *See, e.g.*, *J & J Sports Prods., Inc. v. Nguyen*, No. 13-2008, 2014 WL 60014 (N.D. Cal. Jan. 7, 2014) ("[C]ourts routinely hold, and this Court holds here as well, that a program distributor with exclusive distribution rights, such as Plaintiff here, is a person 'aggrieved' . . . ."); *J & J Sports Prods., Inc. v. Benitez*, No. 12-735, 2013 WL 5347547 (E.D. Cal. Sept. 23, 2013) ("[D]istrict courts within the Ninth Circuit have found a plaintiff's ownership of distribution or exhibition rights to be sufficient for standing to sue under 47 U.S.C. § 605 and § 553."); *J & J Sports Prods., Inc. v. Mendoza-Govan*, No. 10-05123, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) ("The complaint alleges that plaintiff has exclusive distribution rights to the program, but defendant unlawfully intercepted its transmission and displayed it without authorization. Plaintiff has therefore adequately alleged standing."). Plaintiff has made such an allegation here. Specifically, the Complaint states that "[p]ursuant to contract, Plaintiff Innovative Sports Management, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *World Series of Boxing,* telecast nationwide on Friday February 17, 2012." Compl. ¶ 18.

Defendants cite the license agreement granting Plaintiff distribution rights in the Program, which Plaintiff produced during Rule 26 initial disclosures. ECF No. 20 at 8. This agreement appears to undermine Plaintiff's allegation that Plaintiff had exclusive nationwide distribution rights. ECF No. 20-1, Ex. 2 (noting that the party that granted the distribution rights to Plaintiff "reserve[d] the exclusive right to market, distribute and exploit the Event and all rights associated therewith other than as specifically granted to [Plaintiff] herein.").[4] However, at the judgment on

---

their statement of recent decisions on the basis that these orders relied on *Righthaven*. *See, e.g.*, *Innovative Sports Management, Inc., v. Huda Altasan Kreiner*, No. 12-01995 (C.D. Cal. Dec. 11, 2013); *see also* ECF No. 36. Furthermore, the Court cannot meaningfully compare the five identical orders to the instant case because the precise pleading allegations and text of the licensing agreement upon which the orders rely are not cited in the orders. Moreover, the Court notes that *Righthaven* concerned considerations of statutory standing at the summary judgment phase while the instant motion raises statutory standing at the pleading stage.

[4] Other aspects of the agreement may also pose difficulty for Plaintiff in establishing standing as the litigation proceeds. Specifically, the agreement states that the distributor is "Integrated Sports

6

Case No.:  13-CV-00660-LHK
ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1  the pleadings stage of the litigation, the Court cannot look outside the pleadings (and judicially

2  noticeable documents) in determining whether Plaintiff has statutory standing. Accordingly, any

3  contention that Plaintiff lacks statutory standing based on material outside the pleadings is not

4  appropriate for this stage of the litigation.

5  Recognizing this, Defendants contend that the Court should consider the license agreement

6  by converting the instant motion into one for summary judgment. *See* ECF No. 23 at 3. The Court

7  declines Defendants' invitation because the record contains little beyond the pleadings and only

8  minimal discovery has occurred. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d

9  1203, 1207 (9th Cir. 2007) (holding that district courts have discretion not to convert motions for

10  judgment on the pleadings into a summary judgment motions).

11  Defendants also allege Plaintiff breached the license agreement granting Plaintiff exclusive

12  distribution rights in the Program, and that this alleged breach deprives Plaintiff of standing to sue.

13  *See* ECF No. 20 at 11. Defendants' contention is that Plaintiff had certain obligations under the

14  license agreement with Sandy Frank, such as engaging in marketing and taking measures to

15  prevent misappropriation, that Plaintiff has not fulfilled. *See id.* Defendants again base their

16  arguments on Plaintiff's Rule 26 initial disclosures and inferences based on the content of these

17  disclosures. *Id.* ("[Plaintiff] appears to be in breach of its contract . . . and there is no evidence that

18  [Plaintiff] fulfilled its [contractual duties], as it must in order to have standing."). However,

19  because the Court's statutory standing review is limited to the pleadings, such evidence is beyond

20  the scope of the Court's analysis. As discussed above, the pleadings themselves sufficiently

21  establish Plaintiff as the exclusive licensee of "nationwide commercial distribution (closed-circuit)

22  rights" in the Program, Compl. ¶ 18, and nothing in the pleadings supports Defendants' contention

23  that Plaintiff lacks standing to sue because of an alleged breach of contract.

24  **IV.   CONCLUSION**

25  For the foregoing reasons, the Court DENIES the Defendant's motion for judgment on the

26  pleadings.

---

27  Management" whereas the Plaintiff entity in the instant litigation is "Innovative Sports
28  Management." ECF No. 20-1, Ex. 2.

7

Case No.: 13-CV-00660-LHK
ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1  **IT IS SO ORDERED.**

2  Dated: January 14, 2014

3                                      LUCY H. KOH
United States District Judge

United States District Court
For the Northern District of California